IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**JEFFREY GREEN,** Individually,
and on behalf of himself and others
similarly situated,

Plaintiff,

v.    No._____

**KIRCHHOFF AUTOMOTIVE USA,
INC., KIRCHHOFF AUTOMOTIVE
MANCHESTER, INC., KIRCHHOFF
AUTOMOTIVE DALLAS, INC.,
KIRCHHOFF AUTOMOTIVE WAVERLY,
INC., KIRCHHOFF AUTOMOTIVE
TECUMSEH, INC.,** and **KIRCHHOFF
AUTOMOTIVE LANSING, INC.,**

FLSA Opt-in Collective Action
**JURY DEMANDED**

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Jeffrey Green ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (FLSA) brought on behalf of all current and former hourly-paid factory/production employees of Kirchhoff Automotive USA, Inc., Kirchhoff Automotive Manchester, Inc., Kirchhoff Automotive Dallas Inc., Kirchhoff Automotive Waverly, Inc., Kirchhoff Automotive Tecumseh, Inc., Kirchhoff Automotive Lansing, Inc., and their subsidiaries and affiliates (Collectively, "Defendants") within the United States for "off-the-clock" and

1

"edited-out/shaved" unpaid straight time and overtime compensation against Defendants. Plaintiff seeks to recover unpaid wages owed to him and all other similarly situated hourly-paid factory/production employees who have worked for Defendants at any time within the three (3) years preceding the filing of this lawsuit. Plaintiff and class members' "off the clock" and "edited-out/shaved" claims are unified by common theories of FLSA violations.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant Kirchhoff Automotive Manchester, Inc. and Kirchhoff Automotive USA, Inc. to perform work in this District and said Defendants have conducted business within this District at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Plaintiff Jeffrey Green was a resident of Tennessee and worked as an hourly-paid factory/production employee while employed by Defendant Kirchhoff Automotive Manchester, Inc. and Kirchhoff Automobile USA, Inc. within this District during the three-year period immediately preceding the filing of this Collective Action Complaint. Plaintiff Green's Consent to Join this collective action is attached hereto as *Exhibit A*.

5. Defendant Kirchhoff Automotive USA, Inc. is a Delaware Corporation and has its principal offices at 2600 Bellingham Drive, Troy, Michigan 48043. Defendant Kirchhoff Automotive USA, Inc. is a subsidiary of Kirchhoff Automotive GmbH, a manufacturing

group that owns 30 production plants worldwide with several of such plants in the United States (according to its website.) Kirchhoff Automotive USA, Inc.'s domestic production plants are located in Manchester, Tennessee; Dallas, Texas; Waverly, Ohio; Tecumseh, Michigan; and Lansing, Michigan. Defendant Kirchhoff Automotive, USA, Inc. may be served via its registered agent, James A. Schriemer, at 350 S. Main St., Suite 400, Ann Arbor, Michigan 48104.

6. Defendant Kirchhoff Automotive Manchester, Inc. is a Delaware Corporation with its principal office located at 1021 Volunteer Parkway, Manchester, Tennessee 37355-0460. Defendant Kirchhoff Automotive Manchester, Inc. may be served via its registered agent, John R. Labar, Esq., at 300 N. Jackson Street, Tullahoma, Tennessee 37388.

7. Defendant Kirchhoff Automotive Dallas, Inc. is a Michigan Corporation and has its principal office at 3901 W. Miller Road, Garland, Texas 75041. Defendant Kirchhoff Automotive Dallas, Inc. may be served via its registered agent, James A. Schriemer, at 350 S. Main St., Suite 400, Ann Arbor, Michigan 48104.

8. Defendant Kirchhoff Automotive Waverly, Inc. is a Michigan Corporation and has its principal office at 611 W. 2nd Street, Waverly, Ohio 45690. Defendant Kirchhoff Automotive Waverly, Inc. may be served via its registered agent, James A. Schriemer, at 350 S. Main St., Suite 400, Ann Arbor, Michigan 48104.

9. Defendant Kirchhoff Automotive Tecumseh, Inc. is a Michigan Corporation and has its principal offices at 1200 east Chicago Blvd., Tecumseh, Michigan 49286 and 5550 S. Occidental Highway, Tecumseh, Michigan 49286. Defendant Kirchhoff Automotive Tecumseh, Inc. may be served via its registered agent, James A. Schriemer, at 350 S. Main St., Suite 400, Ann Arbor, Michigan 48104.

10. Defendant Kirchhoff Automotive Lansing, Inc. is a Michigan Corporation and has its principal office at 16325 Felton Road, Lansing, Michigan 48906. Defendant Kirchhoff Automotive Lansing, Inc. may be served via its registered agent, James A. Schriemer, at 350 S. Main St., Suite 400, Ann Arbor, Michigan 48104.

11. Defendants constitute an integrated enterprise because they operated the aforementioned manufacturing facilities through a common control for a common purpose.

## FACTUAL BASIS FOR SUIT

12. Plaintiff Jeffrey Green has been employed by and worked for Defendants as an hourly-paid factory/production employee at their Manchester, Tennessee production plant within the three (3) year period preceding the filing of this action.

13. Plaintiff and other similarly situated hourly-paid factory/production employees have been subjected to Defendants' common timekeeping, payroll and operational policies, practices and plans at all times relevant to this action.

14. Defendants have had a common policy, practice and plan of inducing, expecting, and suffering and permitting Plaintiff and similarly situated hourly-paid factory/production employees to work "off-the-clock", during all relevant times herein.

15. Plaintiff and similarly situated hourly-paid factory/production employees were expected, induced, and suffered and permitted, to perform work duties before being "clocked-in" to Defendants' timekeeping system prior to their scheduled starting times, without being compensated for such "off-the-clock" work during weekly pay periods, during all times material.

16. Additionally, Defendants have had a common timekeeping "rounding-off" policy that benefitted Defendants but did not benefit Plaintiff and similarly situated hourly-paid

4

factory/production employees.

17. Specifically, Defendants rolled forward and "edited-out/shaved" compensable time Plaintiff and similarly situated hourly-paid factory/production employees had "clocked-in" prior to their scheduled shifts but did not roll forward and credit them with a similar amount of compensable time when they "clocked-in" after their scheduled starting time or for a similar amount of compensable time when they "clocked-out" before the end of the scheduled shifts – within weekly pay periods during all time material. (Moreover, Plaintiff and similarly situated hourly-paid factory/production employees were subjected to disciplinary action by Defendants if they "clocked in" late for their scheduled shifts.)

18. The aforementioned unpaid "off-the-clock" and "edited-out/shaved" time of Plaintiff and similarly situated hourly-paid factory/production class members were not recorded into Defendants' centralized timekeeping system for pay purposes, during all times relevant.

19. Defendants have maintained a common policy, practice and plan of prohibiting Plaintiff and similarly situated class members from editing their "off-the-clock" work time into their timekeeping system.

20. Defendants have had knowledge of the aforementioned "off-the-clock" and "edited-out/shaved" compensable time of Plaintiff and similarly situated hourly-paid factory/production employees.

21. Defendants routinely and regularly audited their timekeeping system and payroll records, and had access to the schedules and "clocked-in" and "clocked-out" time recordings of Plaintiff and similarly situated hourly-paid factory/production employees. Nonetheless, they took no action to modify their timekeeping records to include such aforementioned "off-the-clock" and "edited-out/shaved" compensable time in to their timekeeping system.

5

22. The net effect of Defendants' common policy, practice, and plan of not paying Plaintiff and similarly situated hourly-paid factory/production employees for all "off-the-clock" and "edited-out/shaved" time, including all related overtime, was a scheme to save payroll costs and payroll taxes, all for which they have unjustly enriched themselves and enjoyed ill gained profits at the expense of Plaintiff and similarly class members.

23. Accordingly, Defendants failed to accurately record all work hours and time performed by Plaintiff and class members as required by the FLSA, 29 C.F.R. §516.2(a)(7).

24. By their failure to record accurately all the time worked by Plaintiff and class members within weekly pay periods during all times relevant, Defendants willfully failed to compensate them for all such time at the applicable straight and overtime rates of pay, as required by the FLSA.

25. Defendants knew, and were aware at all relevant times, that they were not recording all of the work hours and compensable time of Plaintiff and class members, without a good faith basis for such failure.

26. Defendants' common policies, practices, and plans of not compensating Plaintiff and class members for all "off-the-clock" and "edited-out/shaved" time at the applicable straight and overtime rates of pay have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

27. As a result of Defendants' bad faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost straight and overtime compensation as well as other damages.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff brings this case as a collective action on behalf himself and other similarly situated

individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid straight time wages and unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

29. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid factory/production workers employed by Defendants who were expected, induced, suffered and permitted to work "off-the-clock" before their scheduled shifts, and who were subjected to Defendants' "rounding off" policy anywhere in the United States within the three (3) years preceding the filing of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).[1] ("Class Members")

30. Plaintiff seeks to pursue his unpaid "off-the-clock" and "edited-out/shaved" wage claims against Defendants on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid factory/production employees as a class.

31. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a centralized timekeeping system that resulted in a failure to pay Plaintiff and class members for all the aforementioned "off-the-clock" and "edited-out/shaved" time, as required by the FLSA.

32. Moreover, this action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' timekeeping, payroll and operational policies, practices, and plans. Plaintiff and the members of the class were subjected to Defendants' policy of expecting, inducing, and suffering and permitting them to work "off-the-clock" before their scheduled shifts, and of "editing-out/shaving" their compensable time, as hereinbefore described.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

33. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted, or refused to act, on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

34. Named Plaintiff Green will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to prove and then eradicate Defendants' unlawful practices of failing to pay applicable straight and overtime compensation "off-the-clock" and "edited-out/shaved" time, as hereinbefore described.

35. Counsel for Plaintiff will adequately protect his interests as well as the interests of all class members.

36. Defendants required, forced, induced, and suffered and permitted, Plaintiff and class members to work "off-the-clock" and "edited-out/shaved" their compensable time within weekly pay periods at all times relevant, including more than forty (40) hours per week of such "off-the-clock" and "edited-out/shaved" time, without being paid applicable straight time wages and overtime compensation for such compensable time, in violation of the FLSA.

37. Defendants knew Plaintiff and class members performed "off-the-clock" work that required additional straight and overtime compensation to be paid. Nonetheless, they operated under a common policy, practice, and plan to deprive Plaintiff and class members of such FLSA required straight time wages and overtime compensation.

38. Defendants knew they operated a common policy, practice, and plan of "editing-

out/shaving" compensable time of Plaintiff and class members to deprive them of such FLSA required straight and overtime compensation.

39. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

40. Defendants' conduct was not in good faith by its failure to compensate Plaintiff and the class members for all hours worked at the FLSA applicable straight and overtime compensation rates of pay.

41. Therefore, Defendants are liable to Plaintiff and the class members under the FLSA for failing to properly compensate them for all "off-the-clock" and "edited-out/shaved" compensable time – within weekly pay periods during all relevant times herein.

42. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

43. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' factories/production plants in the United States.

44. Plaintiff and class members' unpaid wage claims for the aforementioned "off-the-clock" work "edited-out/shaved" compensable time may be determined partially by an

examination of Defendants' payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

45. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

46. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

47. At all relevant times, Defendants have been an employer engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff and each of the collective action class members consistent with the terms of the FLSA.

49. At all relevant times, Defendants were "employers" under the FLSA.

50. At all relevant times, Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's straight wage, minimum wage and overtime wage requirements.

51. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

52. As a result of Defendants' common policy, practice, and plan of working Plaintiff and class members "off-the-clock" and "editing-out/shaving" their compensable time, as hereinbefore described, Plaintiff and class members were not paid their full straight time wages and overtime compensation, as required by the FLSA.

53. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one-and-one-half (1.5) times the employee's regular rate of pay, for all hours worked

in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

54. Through its actions, policies, practices, and plans, as previously described, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all "off-the-clock" and "edited-out/shaved" compensable time, including all overtime hours worked – within weekly pay periods during all times material.

55. The foregoing actions of Defendants violated the FLSA.

56. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

57. Defendants' actions were not in good faith.

58. Defendants constitute an integrated enterprise because they operated the aforementioned manufacturing facilities/production plants through a common control for a common purpose.

59. Plaintiff and class members' "off the clock" and "edited-out/shaved" claims are unified by common theories of FLSA violations.

60. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered, and will continue to suffer, a loss of income and other damages.

61. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

11

Case 4:19-cv-00003-TRM-CHS   Document 1   Filed 01/07/19   Page 11 of 13   PageID #: 11

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

A. Award Plaintiff and similarly situated employees FLSA statutory damages against Defendants;

B. Award Plaintiff and similarly situated employees all unpaid wages, both overtime and non-overtime, against Defendants;

C. Award Plaintiff and similarly situated employees for an amount equal to their unpaid back wages, pursuant to the applicable minimum wage and overtime rates;

D. Find and declare that Defendants' violations of the FLSA were willful, and accordingly, that a three-year statute of limitations under the FLSA applies to this action;

E. Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

F. Award pre-judgment interest (to the extent that liquidated damages are not awarded);

G. Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H. Award post-judgment interest and court costs as allowed by law;

I. Enter an Order designating this action as an Opt-in collective action under the FLSA;

J. Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

K. Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

L. Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

M. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: January 7, 2019                                  Respectfully submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #035364)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHER SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES***